# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LISA A. FULLER** | **CIVIL ACTION NO:** |
| vs. | 3:21-cv-675 |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA** | **MAY 14, 2021** |

## COMPLAINT

COMES NOW, Plaintiff, Lisa A. Fuller, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Lisa A. Fuller, ("Plaintiff") was and still is a resident of the State of Connecticut.

2. Upon information and belief, at all times hereinafter mentioned, Defendant The Prudential Insurance Company of America (Prudential) ("Defendant") is a for-profit corporation incorporated under the laws of the State of New Jersey with a principal place of business at 751 Broad Street, Newark, New Jersey 07102.

3. Defendant may be found in the District of Connecticut.

4. Plaintiff resides in the District of Connecticut.

## JURISDICTION AND VENUE

5.   Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA")

6.   Venue in the District of Connecticut is appropriate because the defendant may be found in this district and the plaintiff resides in this district.

7.   Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

8.   At all relevant times hereinafter mentioned, Plaintiff was an employee of Hartford Healthcare Corporation ("Hartford Healthcare").

9.   At all relevant times hereinafter mentioned, Plaintiff worked as Staff Registered Nurse for Hartford Healthcare.

10.   During Plaintiff's employment with Hartford Healthcare, Defendant issued long-term disability group policy No. GD-50273-CT. (hereinafter the "Policy")

11.   At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Hartford Healthcare employees in exchange for the payment of premiums by Hartford Healthcare and/or the employees.

12.   At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to Hartford Healthcare.

13.   Said policy issued to Hartford Healthcare provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes

disabled due to injury or illness.

14. According to LTD Policy No. , GD-50273-CT an insured employee is considered disabled if due to sickness or injury he or she is not able to perform his or her regular occupation for a period of 24 months.  After the first 24 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any gainful occupation.

15. On or about February 22, 2018, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

16. Plaintiff's disability is caused by, among other things, status post lumbar fusion, sacroiliitis, lumbar radiculopathy and chronic pain syndrome.

17. Plaintiff filed an application for long-term disability benefits under the Policy and on July 31, 2018 she was approved by Defendant to receive LTD benefits effective August 25, 2018.

18. On June 30, 2020, Defendant issued a letter to Plaintiff informing her that she was no longer eligible for LTD benefits and that benefits were being terminated effective August 25, 2020.

19. On July 7, 2020, Plaintiff timely filed an administrative appeal of the termination of her long-term disability benefits.

20. On January 29, 2021, Defendant denied Plaintiff's administrative appeal.

21. As of this date, Plaintiff continues to be disabled in that as a result of her medical conditions she is unable to perform any gainful occupation.

22. Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

23. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

25. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

26. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to the refusal to consider Plaintiff's credible subjective complaints on her ability to work, and the reliance upon a selective review of vocational and medical records to reach a result oriented claim determination.

27. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

28. Defendants hired a company known as the Advocator Group to advocate on the Plaintiff's behalf before the Social Security Administration ("the SSA") and argue that she is disabled from performing any occupation in the national and regional economy.

29. On October 4, 2019, the SSA determined that the Plaintiff is disabled from performing any occupation in the national and regional economy.

30. The SSA conducted a subsequent review of plaintiff's case and, on March 6, 2020, determined that her disability is continuing.

31. Plaintiff has exhausted all administrative remedies to the extent required under the law.

32. Plaintiff is entitled to a de novo review of her claim.

WHEREFORE, Plaintiff Lisa A. Fuller prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform any gainful occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g) Such other and further relief as the Court may deem just and proper.

                PLAINTIFF

                By   /S/ Iván A. Ramos
                    Iván A. Ramos (ct#14122)
                    RamosLaw
                    255 Main Street, Suite 401
                    Hartford, Connecticut 06106
                    Tel. (860) 519-5242
                    Fax. (860) 838-6403
                    ivan@ramosdisability.com